

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 13, 2010**                              **United States Bankruptcy Judge**

---

Richard A. McKinney
HIGIER ALLEN & LAUTIN, P.C.
5057 Keller Springs Road, Suite 600
Addison, Texas 75001-6231
Telephone: (972) 716-1888

ATTORNEYS FOR GREEN TREE SERVICING LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **JESSE P. RODRIGUEZ, SR.** AND | § | |
| **MONICA A. RODRIGUEZ** | § | Case No. **09-10449-RLJ-13** |
| | § | Hearing Date: March 29, 2010 |
| Debtors. | § | Hearing Time: 11:00 a.m. |

### AGREED ORDER MODIFYING AUTOMATIC STAY

ON THIS DAY the Court has been informed that the Debtors and Green Tree Servicing LLC ("Green Tree") have agreed to the following:

    1.    That Green Tree has a perfected security interest in Debtors' Real Property more particularly described in the Deed of Trust and more commonly described as: 3333 Melinda Lane, Abilene, Texas 79603 (the "Collateral").

    2.    That on February 25, 2010, Green Tree filed its Motion to Lift Automatic Stay, because Debtors had defaulted on post-petition contract obligations.

3.  That at the present time the Collateral is necessary for Debtors' reorganization.

4.  That as of March 25, 2010, Debtors were behind $1,316.24 in post-petition payments and insurance ("Arrearages"). Debtors agree to pay for Green Tree's Attorney Fees of $400.00 and court costs of $150.00 incurred as a result of the Motion to Lift Stay. Debtors will bring current the Arrearages and the Attorneys Fees by making nine (9) equal payments of $207.36 beginning April 25, 2010, and continuing on the 25th of each month thereafter, in addition to the regular monthly post-petition payments.

5.  That Debtors will timely make each future post-petition payment by delivering the funds to Green Tree on or before the due date beginning with the April 10, 2010 installment. All payments are to be forwarded to Green Tree's Payment Servicing Center, P.O. Box 94710, Palatine, Illinois 60094-4710.

7.  That Debtors will maintain physical property damage insurance coverage on the Collateral as required by the contract relating to it in an amount equal to at least the balance of the indebtedness owed at all times.

8.  That the Stay will automatically lift without further order of this Court upon conversion to Chapter 7 case, or if Debtors fail(s) to cure the Arrearages or to cure defaults on future insurance or contractual obligations or Chapter 13 Plan payments to the Trustee or any of the above Stipulations agreed to herein within ten (10) days after Green Tree has sent notice of such default via Certified Mail and Regular Mail to Debtors and Regular Mail Debtors' Attorney.

9.  Green Tree will be required to give only two (2) such default notices. After two such notices have been given the stay will lift automatically upon default without a right to cure upon Debtors' third default. Upon such termination, Green Tree shall file a Notice Lifting Automatic Stay with the court.

10. That the terms of this Agreed Order will be incorporated into the Debtors' Chapter 13 Plan and/or Confirmation Order directly or by reference and shall withstand Confirmation of the Chapter 13 Plan.

11. That in the event the Automatic Stay is lifted pursuant to this Order, Green Tree may contact the Debtors directly to determine the Debtors' intention with respect to the Collateral, and if an agreement has not been reached with the Debtors, Green Tree shall be entitled to all writs and processes necessary for the enforcement of this Order, including the repossession and/or foreclosure of and liquidation of same, but not limited to, a Writ of Execution or Assistance otherwise imposed by Fed.R.Civ.P. 70 or in its sole discretion, Green Tree file a lawsuit in State Court for possession of the Collateral.

IT IS, THEREFORE ORDERED, ADJUDGED AND DECREED that the automatic stay is modified as set forth above.

IT IS FURTHER ORDERED, that if the Automatic Stay shall Lift pursuant to the terms of this Order, the ten (10)-day stay period otherwise imposed by Fed.R.Bankr.P. 4001(3) shall not be applicable to this Order.

IT IS SO ORDERED.

###END ORDER###

AGREED TO:

HIGIER ALLEN & LAUTIN, P.C.

By:    */s/ Richard A. McKinney*
        Richard A. McKinney
        State Bar No. 13723430
5057 Keller Springs Road, Suite 600
Addison, Texas 75001-6231
Telephone: (972) 716-1888
Telecopy: (972) 716-1899

ATTORNEYS FOR GREEN TREE SERVICING LLC


   */s/ Pamela J. Chaney*
Pamela J. Chaney
Monte J. White & Assoicates, P.C.
402 Cypress, Suite 310
Abilene, Texas 79601

ATTORNEY FOR DEBTORS


   */s/ Marc McBeath for*
Walter O'Cheskey

CHAPTER 13 TRUSTEE