

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

## ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed September 20, 2011**

---

Richard A. McKinney
HIGIER ALLEN & LAUTIN, P.C.
5057 Keller Springs Road, Suite 600
Addison, Texas 75001-6231
Telephone: (972) 716-1888

ATTORNEYS FOR GREEN TREE SERVICING LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **JESSE P. RODRIGUEZ, SR.** AND | § | |
| **MONICA A. RODRIGUEZ** | § | Case No. **09-10449-RLJ-13** |
| | § | |
| Debtors. | § | |

**AMENDED**
**AGREED ORDER MODIFYING AUTOMATIC STAY**

ON THIS DAY the Court has been informed that the Debtors and Green Tree Servicing LLC ("Green Tree") have agreed to the following:

1.      That Green Tree has a perfected security interest in Debtors' Real Property more particularly described in the Deed of Trust and more commonly described as: 3333 Melinda Lane, Abilene, Texas 79603 (the "Collateral").

2.      That on April 13, 2010, Green Tree and the Debtors had entered an Agreed Order Modifying Stay (the "Agreed Order") on Green Tree's Motion to Lift Automatic Stay to cure certain post-petition contract obligations and Attorneys fees.

AMENDED AGREED ORDER MODIFYING AUTOMATIC STAY                                              PAGE 1
W:\1751\2110\Amd-AOMS.wpd

3.      That at the present time the Amendment is being requested because the Debtors had defaulted on the terms of the original Agreed Order and the parties have reached an agreement to cure defaults by this amendment.

4.      That the Stay shall be reinstated as to Green Tree and the Notice Lifting Automatic Stay entered on the docket on July 7, 2010 has been withdrawn.  The Trustee is directed to reinstate payments to Green Tree as stipulated below.

5.      That as of August 29, 2011, Debtors were behind $5,499.48 in post-petition payments, insurance, and contractual obligations ("Arrearages"). Debtors will bring current the Arrearages by filing a Modification of their Chapter 13 Plan within thirty (30) days from entry of this Amended Agreed Order.

6.      That  Debtors will timely make each future post-petition payment by delivering the funds to Green Tree on or before the due date beginning with the October 5, 2011 installment.  All payments are to be forwarded to Green Tree's Payment Servicing Center, P.O. Box 94710, Palatine, Illinois 60094-4710.

7.      That Debtors will maintain physical property damage insurance coverage on the Collateral as required by the contract relating to it in an amount equal to at least the balance of the indebtedness owed at all times.

8.      That the Stay will automatically lift without further order of this Court upon conversion to Chapter 7 case, or if Debtors fail(s) to cure the Arrearages or to cure defaults on future insurance or contractual obligations or Chapter 13 Plan payments to the Trustee or any of the above Stipulations agreed to herein within ten (10) days after Green Tree has sent notice of such default via Certified Mail and Regular Mail to Debtors and Regular Mail Debtors' Attorney.

9.      Green Tree will be required to give only two (2) such default notices.  After two such notices have been given the stay will lift automatically upon default without a right to cure upon Debtors' third default.  Upon such termination, Green Tree shall file a Notice Lifting Automatic Stay with the court.

10.     That the terms of this Agreed Order will be incorporated into the Debtors' Chapter 13 Plan and/or Confirmation Order directly or by reference and shall withstand Confirmation of the Chapter 13 Plan.

11.     That in the event the Automatic Stay is lifted pursuant to this Order, Green Tree  may contact the Debtors directly to determine the Debtors' intention with respect to the Collateral, and if an agreement has not been reached with the Debtors, Green Tree shall be entitled to all writs and processes necessary for the enforcement of this Order, including the repossession and/or foreclosure of and liquidation of same, but not limited to, a Writ of Execution or Assistance otherwise imposed by Fed.R.Civ.P. 70 or in its sole discretion, Green Tree file a lawsuit in State Court for possession of the Collateral.

IT IS, THEREFORE ORDERED, ADJUDGED AND DECREED that the automatic stay is modified as set forth above.

IT IS FURTHER ORDERED, that if the Automatic Stay shall Lift pursuant to the terms of this Order, the stay period otherwise imposed by Fed.R.Bankr.P. 4001(3) shall not be applicable to this Order.

IT IS SO ORDERED.

###END ORDER###

AGREED TO:

HIGIER ALLEN & LAUTIN, P.C.


By:     _/s/ Richard A. McKinney_____
        Richard A. McKinney
        State Bar No. 13723430
5057 Keller Springs Road, Suite 600
Addison, Texas  75001-6231
Telephone: (972) 716-1888
Telecopy:  (972) 716-1899

ATTORNEYS FOR GREEN TREE SERVICING LLC


_/s/ Larry Lewis_____                          _/s/ Monica Rodriguez_____
Larry Lewis
State Bar No. 12296760
Monte J. White & Assoicates, P.C.
402 Cypress, Suite 310
Abilene, Texas  79601

ATTORNEY FOR DEBTORS


_/s/ Marc McBeath_____
Walter O'Cheskey

CHAPTER 13 TRUSTEE